J-S77040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN COOKE, | |
| Appellant | No. 575 MDA 2016 |

Appeal from the PCRA Order March 11, 2016
in the Court of Common Pleas of Lycoming County
Criminal Division at No.: CP-41-CR-0002087-1998

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED NOVEMBER 14, 2016**

Appellant, John Cooke, appeals, *pro se*, from the order of March 11, 2016, dismissing, without a hearing, his first[1] counseled petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Because the petition is untimely without an applicable exception, we affirm.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] While Appellant filed two previous PCRA petitions, both concerned restoration of certain direct appeal rights *nunc pro tunc*.  Thus, the trial court properly deemed the current petition to be Appellant's first PCRA petition.  **See Commonwealth v. Karanicolas**, 836 A.2d 940, 944 (Pa. Super. 2003) (noting that upon restoration of direct appeal rights *nunc pro tunc*, subsequent PCRA petition will be considered first petition for timeliness purposes).

We take the underlying facts and procedural history in this matter from this Court's June 7, 2004 memorandum and our independent review of the certified record.

Represented by [the Lycoming County Public Defender's Office], Appellant pleaded guilty to robbery, kidnapping, conspiracy, receiving stolen property, and robbery of a motor vehicle, and was sentenced by the [trial court] to [not less than] nine [nor more than twenty] years' [incarceration] on June 22, 1999. A direct appeal was then filed on Appellant's behalf by [new counsel], but [he] failed to file a Pa.R.A.P. 1925(b) statement, as directed by the lower court. A panel of this Court subsequently found all issues waived, and affirmed Appellant's sentence on July 6, 2000.

Appellant filed a *pro se* PCRA petition on January 9, 2001, and [counsel] was appointed to represent him. [The PCRA court] granted Appellant's PCRA petition on April 5, 2001, giving him [thirty] days in which to file an appeal *nunc pro tunc*. . . . . Appellant filed an appeal to this court on May 2, 2001[.] . . . [A] panel of this Court affirmed his sentence on July 19, 2002.

Appellant asserts that on August 4, 2002, unaware his sentence had been affirmed, he requested that [counsel] appeal his case to the next level if it was denied by this Court. In a letter dated August 20, 2002, however, [counsel] informed Appellant that he no longer had a right to appointed counsel, [the] firm was discontinuing its representation, and if he wanted to request review with the Pennsylvania Supreme Court, he could hire an attorney of his choice to do so.

Unrepresented, Appellant again petitioned for post-conviction relief on October 9, 2002, arguing that [counsel] was ineffective for failing to notify him of the denial of his appeal in time for him to file an appeal to the Pennsylvania Supreme Court. The remedy sought by Appellant's PCRA petition was an extension of time to file a petition for allowance of appeal to the Pennsylvania Supreme Court. On October 22, 2002, [the PCRA court] denied Appellant's request for an extension of time. While the order itself [did] not specifically indicate an intent to dismiss Appellant's PCRA petition, [the PCRA court] explain[ed] that the docket entry corresponding to the order lists it as [o]rder

- 2 -

dismissing Post-Conviction Relief Act [p]etition. [The PCRA court] further acknowledge[d] that since the only relief the PCRA petition [sought was] an extension of time, the order effectively denie[d] that petition.

On October 30, 2002, nearly two weeks after [the PCRA court] issued the order effectively denying Appellant's PCRA petition, [counsel] was appointed by [a different judge] to represent Appellant. [Counsel] filed an appeal of the October 22, 2002 order on Appellant's behalf on November 21, 2002.

(*Commonwealth v. Cooke*, No. 1834 MDA 2002, unpublished memorandum at 1-3 (Pa. Super. filed June 7, 2004)) (quotation marks, footnote, and record citations omitted).

On June 7, 2004, this Court vacated the dismissal of Appellant's PCRA petition and remanded for an evidentiary hearing. (*See id.* at 1). On February 7, 2005, following a hearing, the PCRA court granted Appellant's PCRA petition, giving him thirty days to seek leave to appeal to the Pennsylvania Supreme Court. Appellant did so, and the Pennsylvania Supreme Court denied leave to appeal on April 19, 2006. (*See Commonwealth v. Cooke*, 897 A.2d 450 (Pa. 2006)).

On August 11, 2015, Appellant, acting *pro se*, filed the instant PCRA petition seeking to vacate his sentence pursuant to *Alleyne v. United States*, 133 S.Ct. 2151 (2013). The PCRA court appointed counsel on

August 18, 2015. On October 7, 2015, PCRA counsel submitted a **Turner/Finley**[2] letter. Appellant filed a response on November 4, 2015.

On February 17, 2016, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1), and granted PCRA counsel's request to withdraw. Appellant filed a response on March 3, 2016. On March 11, 2016, the PCRA court dismissed the petition as untimely. The instant, timely appeal followed.[3]

On appeal, Appellant raises the following question for our review:

1. Whether the ruling of **Montgomery v. Louisiana**, [136 S. Ct. 718 (2016)] clarified and reestablished a constitutional rule warranting retroactive application during collateral review?

(Appellant's Brief, at vii).

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. . . .

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[3] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). On June 13, 2016, it filed an opinion. **See** Pa.R.A.P. 1925(a).

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).  However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." *Commonwealth v. Hutchins*, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

Here, Appellant filed his PCRA petition on August 11, 2015.  The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).  Therefore, Appellant's judgment of sentence became final on July 18, 2006, ninety days after the Pennsylvania Supreme Court denied leave to appeal and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13. Because Appellant did not file his current petition until April 11, 2015, the petition is facially untimely.  *See* 42 Pa.C.S.A. § 9545(b)(1).  Thus, he must plead and prove that he falls under one of the exceptions at Section 9545(b) of the PCRA.  *See id*.

Section 9545 provides that the court can still consider an untimely petition where the petitioner successfully proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii). Further, a petitioner who wishes to invoke any of the above exceptions must file the petition "within [sixty] days of the date the claim could have been presented." *Id.* at § 9545(b)(2). The Pennsylvania Supreme Court has repeatedly stated that it is an appellant's burden to plead and prove that one of the above-enumerated exceptions applies. *See, e.g.*, *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

In the instant matter, Appellant appears to contend that his petition is timely under § 9545(b)(1)(iii), specifically that the United States Supreme Court's decision in *Alleyne*, *supra* renders his sentence illegal. (*See* Appellant's Brief, at 1-4). While Appellant acknowledges that our Court has not applied *Alleyne* retroactively to cases on collateral review, he contends that the U.S. Supreme Court's decision in *Montgomery* mandates that we do so. (*See id.* at IX). We disagree.

Firstly, we note that the fact that Appellant challenges the legality of his sentence does not allow him to evade the PCRA's timeliness requirements. In *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999), the Pennsylvania Supreme Court rejected this contention. The *Fahy* Court stated, "[a]lthough legality of sentence is always subject to review within the

PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* at 223 (citation omitted). Thus, Appellant cannot elude the PCRA's timeliness requirements based on a claim of an illegal sentence. *See id.*

Moreover, "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Whitehawk*, --- A.3d ---, 2016 WL 4473779, at *4 (Pa. Super. filed Aug. 24, 2016) (citation omitted). Neither Court has held that *Alleyne* is applied retroactively. Further, in a decision that post-dates *Montgomery*,[4] our Supreme Court has unequivocally held that *Alleyne* does not apply retroactively to cases pending on collateral review. *See Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

Here, Appellant was sentenced in 1999. His judgment of sentence became final in 2006. Thus, this matter is clearly on collateral review, and his PCRA petition is facially untimely. Because *Alleyne* does not apply retroactively to cases on collateral review, it cannot afford Appellant relief. *See Washington, supra* at 820; *see also Commonwealth v. Riggle*, 119

_____

[4] Appellant does not point to any cases that have held that the decision in *Montgomery* renders *Alleyne* retroactive to cases on collateral review. (*See* Appellant's Brief, at 1-4).

A.3d 1058, 1064 (Pa. Super. 2015); ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014).

Thus, Appellant's PCRA petition is untimely with no statutory exception to the PCRA time-bar applying.  ***See Hutchins***, ***supra*** at 53.  Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/14/2016</u>